UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERICK ALANIZ,

Plaintiff,

v. CASE NO. 3:26-cv-401-WWB-SJH

HOWARD LAW GROUP, P.A., etc.,
et al.,

Defendants.
_______________________________/

**ORDER**

**THIS CAUSE** is before the undersigned on motions to dismiss ("Motions") filed by each Defendant, Docs. 42, 46, and Plaintiff's responses thereto, Docs. 45, 48. For the reasons herein, Plaintiff will be directed to file a third amended complaint, and the Motions will be denied without prejudice as moot.

Plaintiff filed a complaint against Defendants. Doc. 1. On February 27, 2026, the Court entered an order ("Prior Order") dismissing the complaint without prejudice as an impermissible shotgun pleading. Doc 6. The Prior Order explained:

> The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23.

> "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

*Id.* at 2. The Prior Order explained that the original complaint fell "at least into the first category because each count" reincorporated "by reference every allegation of the entire pleading" such that it was "virtually impossible to discern which" facts alleged supported each claim. *Id.* Thus, the Court dismissed the complaint without prejudice, cautioning that failure to correct the noted deficiencies might result in a dismissal with prejudice. *Id.* at 2–3.

On March 10, 2026, Plaintiff filed an amended complaint. Doc. 7. Plaintiff then filed a motion for leave to file a second amended complaint, Doc. 8, which the Court granted, Doc. 10. Plaintiff's now-operative pleading, the third iteration, is the second amended complaint ("Pleading"). Doc. 11.

The Motions seek dismissal of the Pleading on various grounds, which Plaintiff opposes. Docs. 42, 45, 46, 48. But all parties (correctly) agree that the Pleading is another impermissible shotgun pleading. *See* Doc. 42 at 13–14; Doc. 46 at 8–9; Doc. 48 at 7–8. Although the Pleading may no longer constitute a first-category shotgun pleading, it is nevertheless a fourth-category shotgun pleading that lumps together various allegations against Defendants without clarifying the alleged actions or inactions of each. *See generally* Doc. 11; *see also* Doc. 48 at 7–8 ("HLG argues the complaint is a 'shotgun pleading' because it refers to 'Defendants' collectively without

always separating what HLG did from what U.S. Bank did. That's a fair point … In a new amended complaint, Plaintiff will spell out exactly what HLG did … separately from what U.S. Bank did. That resolves the concern." (internal citations omitted));[1] *Mathis v. City of Lakeland*, No. 22-12426, 2023 WL 2568814, at *4 (11th Cir. Mar. 20, 2023)[2] ("The lumping of defendants does not give any defendant fair notice of the allegations brought against that defendant.").[3]

Shotgun pleadings are strictly prohibited. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–58 (11th Cir. 2018); Doc. 6. Because the Pleading is a shotgun pleading, it is neither necessary nor practical to attempt to decipher the Pleading and address any remaining issues at this time. *E.g.*, *Davis v. Charter Schs. USA, Inc.*, No. 6:25-cv-1269-JSS-NWH, 2025 WL 2819324, at *2 (M.D. Fla. Oct. 3, 2025); *Warren v. Devanguardia*, No. 6:25-cv-1573-JSS-NWH, 2025 WL 2770882, at *2 (M.D. Fla. Sept. 26, 2025); *Benetiz v. True Choice Telecom, LLC*, No. 6:19-cv-2148-Orl-37GJK, 2020 WL

---

[1] A request to file an amended pleading is not properly embedded in a response brief. *See Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018). Nevertheless, in this instance, and given the Court's obligation to *sua sponte* address shotgun-pleading deficiencies, the Court will direct Plaintiff to file a proper amended pleading. *See Abel v. Porsche Cars N. Am., Inc.*, No. 6:24-cv-593-PGB-DCI, 2024 WL 4793326, at *1 (M.D. Fla. Oct. 4, 2024).

[2] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36-2.

[3] This Order is not meant to address all potential deficiencies in the Pleading, and any examples provided herein "are just that—examples. In amending, [Plaintiff] must ensure that he complies with the Federal Rules of Civil Procedure and avoids shotgun pleading pitfalls." *Bright v. Thomas*, No. 8:22-cv-24-CEH-JSS, 2022 WL 1237898, at *6 (M.D. Fla. Apr. 27, 2022).

10058210, at *1 (M.D. Fla. Feb. 4, 2020). Rather, Plaintiff, who is proceeding *pro se*—and who attempted to follow at least some (though did not follow all) of the instructions in the Prior Order—shall be given one final opportunity to file a proper, non-shotgun pleading. *See, e.g.*, *Bourjolly v. Werner Auto. Holdings*, No. 6:25-cv-15-DCI, 2026 WL 83978, at *3 (M.D. Fla. Jan. 12, 2026); *see also Schatzel v. Duval Cnty. Public Schools*, No. 3:26-cv-236-MMH-PDB, 2026 WL 1905787, at *2 (M.D. Fla. July 2, 2026); *Wabe v. Regions Bank*, No. 8:22-cv-988-KKM-JSS, 2022 WL 1617741, at *2 (M.D. Fla. May 23, 2022).[4]

Plaintiff will thus be directed to file a third amended complaint. Plaintiff's third amended complaint must comply with the instructions in the Prior Order (which are incorporated herein); the instructions in this Order; and the Federal Rules of Civil Procedure ("Rule(s)"), including Rules 8 and 10.[5] Plaintiff is cautioned that noncompliance may result in dismissal with prejudice.

Plaintiff's third amended complaint will supersede the prior pleadings and become the operative pleading. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025); *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th

---

[4] Although the undersigned does not address the remaining arguments in the Motions at this time, Plaintiff, who appears to acknowledge certain defects and to contend they can be cured, should carefully consider the remaining arguments in drafting a third amended complaint.

[5] Under Rule 8, the third amended complaint must contain (i) a short and plain statement of the grounds for this Court's jurisdiction; (ii) a short and plain statement of the claim showing Plaintiff is entitled to relief; and (iii) a demand for the relief sought. Under Rule 10, it must be stated in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Thus, Plaintiff should state all facts on which he relies to support his claim(s) in sequentially numbered paragraphs. Where necessary for clarity, discrete claims should be separated into different counts.

Cir. 1999). Thus, the third amended complaint must be complete and must include all claims Plaintiff wishes to pursue, as well as all facts in support and relief sought, in a single submission. Given the forthcoming third amended complaint, the Motions, directed to the Pleading, are due to be denied without prejudice as moot. *See Wullschleger*, 604 U.S. at 35; *see also Lewo v. Tex. Ins. Co.*, No. 5:25-cv-321-JSM-PRL, 2025 WL 3751948, at *2 (M.D. Fla. July 29, 2025) (denying as moot motion directed to prior pleading upon the filing of an amended pleading); *Schnackenberg v. Toll Bros. Mortg. Co.*, No. 3:24-cv-324-MMH-PDB, 2024 WL 4791930, at *1 (M.D. Fla. Sept. 4, 2024) (same); *Razi v. Razavi*, No. 5:12-cv-80-Oc-34TBS, 2012 WL 12953932, at *1 (M.D. Fla. June 8, 2012) (same).

Accordingly, it is **ordered**:

1. Plaintiff is **directed** to file a third amended complaint in compliance with this Order and all applicable rules and law by no later than **August 19, 2026**. Failure to timely comply with this Order may result in dismissal without further notice.

2. The Motions, Doc. 42, 46, are **denied without prejudice as moot**.

**DONE AND ORDERED** in Jacksonville, Florida, on July 29, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

*Pro Se* Plaintiff
Counsel of Record