**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ERICK ALANIZ,

Plaintiff,

v. Case No.: 3:26-cv-401-WWB-SJH

HOWARD LAW GROUP, P.A. and US BANK TRUST NATIONAL ASSOCIATION,

Defendants.
________________________________/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 67). Therein, Plaintiff seeks an injunction halting a related foreclosure proceeding in state court. (*Id.* at 8). Specifically, Plaintiff asserts that he may be irreparably harmed by an adverse judgment at a summary judgment hearing set in the underlying action for October 20, 2026. (*Id.* at 1, 5–6). He nonetheless requests a ruling by October 7, 2026. (*Id.* at 1).

"The grant or denial of a preliminary injunction is within the sound discretion of the district court[.]" *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). A district court may only grant injunctive relief if the moving party establishes: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy

not to be granted unless the movant clearly established the burden of persuasion' as to each of the four prerequisites." *Id.* (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)). To obtain a temporary restraining order, the moving party must establish the same four elements but must also provide "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b); *see also Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); M.D. Fla. R. 6.01(b)(2) (requiring facts and evidence showing why "notice is impractical").[1]

Here, Plaintiff falls short of showing he will suffer irreparable harm absent injunctive relief and he fails to provide any reason that an opportunity to respond should be denied to Defendants. *See Levine v. Comcoa Ltd.*, 70 F.3d 1191, 1194 (11th Cir. 1995) (Hill, J., concurring) ("An *ex parte* temporary restraining order is an extreme remedy to be used only with the utmost caution."). Plaintiff is concerned of the adverse consequences that *could* result from an adverse judgment in state court, *if* such judgment is entered against him during or immediately following the summary judgment hearing scheduled on October 20, 2026. (*See* Doc. 67 at 5 ("If the state court enters a final foreclosure judgment . . . ."); *id.* at 6 ("If the state court enters judgment on this evidence on October 20, . . . .")). Accordingly, any harm to Plaintiff is not immediate and irreparable, but contingent, speculative, and forthcoming (if realized at all). *See Payton v. JP Morgan Chase Bank & Co.*, No. 1:24-cv-5329, 2026 WL 1493631, at *7 (N.D. Ga. Apr. 30, 2026) (collecting cases), *adopted*, 2026 WL 2212793 (N.D. Ga. May 28, 2026). Moreover, Plaintiff is unclear as to what irreparable harm he even claims. To the extent he argues that the

[1] Plaintiff served the Motion on Defendants. (Doc. 67 at 1, 10).

potential loss of an injunctive remedy constitutes irreparable harm, his cited authority does not appear to stand for such a proposition. (*See* Doc. 67 at 5–6). To the extent he argues that the risk of foreclosure constitutes irreparable harm, the Court will remind him that it does not. (*See* Doc. 18 at 2 (citing *Jacobs v. Land Home Fin. Servs. Inc.*, No. 8:23-cv-2308, 2023 WL 8434579, at *1 (M.D. Fla. Oct. 12, 2023) (collecting cases))).

As to the merits, Plaintiff argues that he has remedied the defects this Court found in his last emergency motion by adding two Florida Consumer Collection Practices Act ("**FCCPA**") claims for injunctive relief. (*See* Doc. 18 at 2 (denying earlier emergency motion because, *inter alia*, Plaintiff's claims did not provide for injunctive relief)).[2] However, Plaintiff has not shown himself likely to succeed on the merits of his FCCPA claims. Plaintiff alleges in the Third Amended Complaint that Defendants violated the FCCPA by using the state court system to collect a disputed debt they knew to be illegitimate or non-existent. (*See id.* at 21–23); Fla. Stat. § 559.72(6), (9). However, in the instant Motion, Plaintiff appears to inject a new theory underpinning the claims: Defendants violated the FCCPA because, in state court, Defendant Howard Law Group, P.A. ("**Howard Law**") violated Federal Rule of Evidence 801 and Florida Rule of Civil Procedure 1.510. Specifically, Plaintiff swears that Howard Law submitted at the summary judgment stage an affidavit made without personal knowledge. (Doc. 67 at 4–5; Doc. 68 at 4). Plaintiff swears that he moved to strike the affidavit in state court, but that such relief was denied. (Doc. 67 at 4; Doc. 68 at 5).

[2] In his Motion, Plaintiff swears that the Third Amended Complaint "seeks injunctive relief under FCCPA as a primary remedy." (Doc. 67 at 5). The Third Amended Complaint seeks money damages and other relief the Court finds fair and just but does not expressly seek injunctive relief. (*See* Doc. 54 at 23–24).

While the FCCPA authorizes discretionary injunctive relief, "including enjoining the defendant from further violations of th[e Act]," Fla. Stat. § 559.77(2), in the instant Motion Plaintiff expressly seeks to enjoin what he perceives to be violations of the Federal Rules of Evidence and the Florida Rules of Civil Procedure. The Federal Rules of Evidence do not apply in state court. *See* Fed. R. Evid. 101(a); Fed. R. Evid. 1101(a). And the FCCPA does not provide authority for enjoining violations of the Florida Rules of Civil Procedure. More broadly, the Third Amended Complaint appears to lack any allegations related to Plaintiff's affidavit theory. "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997).

Finally, Plaintiff's discussion of FCCPA claims is wholly conclusory. In the Third Amended Complaint, Plaintiff alleges violations of § 559.72(6), (9), Florida Statutes, but the instant Motion does not discuss section 559.72(6) outside of noting that Plaintiff has alleged a violation thereof. Plaintiff's discussion of section 559.72(9) is limited to one sentence stating that it prohibits debt collectors from asserting rights known not to exist. The only supporting authority Plaintiff points to purports to show that Defendants are debt collectors under Florida law. If accepted, this conclusion would not establish a likelihood of success on his claims. *See, e.g.*, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 n.12 (11th Cir. 2010) ("Section 559.72(9) of the FCCPA requires a plaintiff to demonstrate that the debt collector defendant possessed *actual knowledge*"—not lack of personal knowledge—"that the threatened means of enforcing the debt was

unavailable."). Thus, to the extent Plaintiff's conclusory discussion attempts to show that he is likely to succeed on any theory of relief under the FCCPA, it fails.

In sum, Plaintiff has failed to show that he is entitled to a temporary restraining order or other injunctive relief. Therefore, it is **ORDERED** that Plaintiff's Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 67) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on October 7, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party